533 So.2d 800 (1988)
O'CONNOR DEVELOPMENT CORPORATION, a Florida Corporation, As General Partner of Mandarin South, Ltd., a Florida Limited Partnership, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. BR-108.
District Court of Appeal of Florida, First District.
September 29, 1988.
Rehearing Denied December 7, 1988.
Robert T. Hyde, Jr., and C. Albert Turner, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
Franz Eric Dorn, Maxine F. Ferguson, and Thomas H. Bateman, III, Tallahassee, for appellee.
ZEHMER, Judge.
O'Connor Development Corporation (O'Connor) appeals a final order dismissing its amended complaint for failure to allege sufficient facts to show that appellee, State of Florida, Department of Transportation (D.O.T.), effected a "taking" of O'Connor's property. The facts alleged in the amended complaint are as follows.
O'Connor owns a parcel of land located on the corner of State Road 13 and Loretto Road in Duval County. On August 5, 1982, O'Connor contracted with McDonalds Corporation to sell this property to McDonalds for its use in constructing a restaurant. McDonalds then hired a general contractor who applied to the City of Jacksonville for a building permit. The City denied the *801 request, stating that D.O.T. had prohibited it from issuing a building permit for the proposed improvements because D.O.T. anticipated widening State Road 13. D.O.T. subsequently informed O'Connor and the general contractor that part of the subject property, the twenty-foot strip bordering State Road 13, was required for use in a road-widening project and that for the permit prohibition to be lifted, the proposed restaurant would have to be set back twenty feet from its planned location. As a result of D.O.T.'s prohibition against issuance of the requested building permit and D.O.T.'s representations to O'Connor and to McDonalds's general contractor, O'Connor and McDonalds were forced to amend their contract regarding sale of the subject parcel, moving the boundary line of the parcel to be purchased twenty feet westward. McDonalds then went through with the purchase and built the restaurant, while O'Connor retained ownership of the twenty-foot strip subject to the proposed condemnation. In February of 1985, D.O.T. advised O'Connor that it would not require the twenty-foot strip after all.
O'Connor sued D.O.T. and alleged in its amended complaint that D.O.T.'s actions rendered the retained property totally and permanently useless and unusable, and that O'Connor suffered a taking entitling it to just compensation. The lower court granted D.O.T.'s motion to dismiss the amended complaint, specifically finding that the complaint failed to allege sufficient facts to show that D.O.T. effected a taking of O'Connor's property. We reverse.
In Joint Ventures, Inc. v. Department of Transportation, 519 So.2d 1069 (Fla. 1st DCA 1988), the appellant entered into a contract to sell a tract of land contingent upon the buyer's being able to obtain development permits. D.O.T., however, had filed a map of reservation covering a substantial portion of that land because it intended to use the land in a road-widening project. This reservation resulted in the imposition of a moratorium as to all development of the land. Appellant filed a petition with D.O.T. to set aside the map of reservation, but D.O.T. dismissed the petition. The Appellant appealed the final order of dismissal to this court, contending that sections 337.241(2) and (3), Florida Statutes (1985), which restrict the issuance of development permits during the period when land is "reserved" and provide an affected landowner with the right to an administrative hearing, were unconstitutional in that they provided for an impermissible taking of property without just compensation and denied equal protection and due process in failing to provide the appellant an adequate remedy. On those facts we found that the appellant, pursuant to First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) and the authorities recited therein, "has a basic constitutional right to pursue a judicial determination of a `taking'... ." 519 So.2d at 1071 (emphasis added). We refrained, however, from determining whether such a taking had, in fact, occurred because such determination was more appropriately reserved for a judicial "taking" proceeding.
Our decision in Joint Ventures that government action barring the issuance of a development permit to a private property owner may constitute a taking is applicable to the facts pleaded in the complaint before us. Under these allegations, O'Connor may well be able to prove that D.O.T. took steps to prevent it from using the land in question for private development pending D.O.T.'s final decision on the necessity of using the land in widening State Road 13. This action by D.O.T. could have denied O'Connor "a substantial portion of the beneficial use of the property." 519 So.2d at 1070. Whether O'Connor should ultimately prevail on its claim of taking will, of course, depend on the sufficiency of the proof adduced at trial. The order of dismissal is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
SHIVERS and THOMPSON, JJ., concur.